JS-6

FILED
CLERK, U.S. DISTRICT COURT
AUG 27 2009
CENTRAL DISTRICT OF CALIFORNIA
BY DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

EUGENE ROSENFELD, On Behalf of Himself and All Others Similarly Situated,

Plaintiff,

vs.

GATEWAY, INC.,

Defendant.

CASE NO. CV 08-03381 SVW (CTx)

**[~~PROPOSED~~] FINAL APPROVAL ORDER AND JUDGMENT**

Date: March 16, 2009
Time: 1:30 p.m.
Judge: Stephen V. Wilson
Courtroom: 6

Plaintiff, Eugene Rosenfeld ("Plaintiff" or "Rosenfeld"), on behalf of himself and the Settlement Class, having filed a motion ("Motion") for an order preliminarily approving the Settlement Agreement ("Agreement") entered into by the parties to this action; Defendant, Gateway, Inc. ("Gateway"), having filed any papers in support of approval of the settlement; the said Motion, having come on regularly for hearing before the above-entitled Court; the Court having entered its Order Regarding Preliminary Approval of Class Action Settlement on December 12, 2008; the Court having conducted a hearing regarding final approval of the settlement on March 16, 2009 at 1:30 p.m., at which time it considered any objections filed with or presented to the Court and the parties' responses thereto; the Court being fully advised in the premises and good cause appearing therefor, the

Court enters its order granting final approval of the settlement, and finds and orders as follows:

1. The Court has jurisdiction over the subject matter of this Action and all parties to this Action, including all members of the Settlement Class as defined in Section I(F) of the Settlement Agreement ("Agreement") previously filed in this Action.

2. The Agreement and the settlement set forth therein are found and determined to be fair, reasonable, and adequate, and are hereby approved and ordered performed by all parties to the Agreement.

3. The Court has determined that the notice given to the Settlement Class fully and accurately informed the Settlement Class of all material elements of the proposed settlement and constituted the best practicable notice to all members of the Settlement Class and fully meets the requirements of due process.

4. Immediately upon entry of this Final Approval Order and Judgment, the Complaint in this Action shall be dismissed in its entirety with prejudice. This dismissal shall be without costs to any party, except as specifically provided for in the Agreement.

5. This Final Approval Order and Judgment applies to all claims or causes of action settled under the terms of the Agreement, and shall be fully binding with respect to all members of the Settlement Class who did not properly request exclusion. The persons who filed timely and valid requests for exclusion from the Settlement Class and who are, therefore, not bound by this Final Approval Order and Judgment, are set forth in Exhibit 1 attached hereto.

6. The Court adjudges that the Plaintiff and all members of the Settlement Class who did not properly request exclusion are barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, any claims settled under the terms of the Agreement, which they ever had, or now have, to the extent provided in the Agreement.

7. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over (a) the implementation and enforcement of the Agreement until each and every act agreed to be performed by the parties to the Agreement shall have been performed; (b) any other action necessary to conclude this settlement and to implement the Agreement; and (c) the enforcement, construction and interpretation of the Agreement.

8. Neither this Final Approval Order and Judgment, nor the Agreement, nor the fact of settlement, nor the settlement proceedings, nor settlement negotiations, nor any related document, shall be used as an admission of any fault or omission by Gateway or be offered or received in evidence as an admission, concession, presumption, or inference against Gateway for any purpose whatsoever other than in such proceedings as may be necessary to consummate or enforce the Agreement.

9. Class Counsel are awarded costs, expenses, and attorneys' fees in the agreed upon amount of $300,000, to be paid by Gateway to Lead Class Counsel pursuant to the terms of the Settlement Agreement. Plaintiff is awarded a $2,500 incentive award to be paid by Gateway pursuant to the terms of the Settlement Agreement.

Dated: August 25, 2009

The Honorable Stephen V. Wilson